IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-03-153(1) |
| | § | |
| FERMIN E. JIMENEZ, | § | |
| | § | |
| Defendant-Movant. | § | |

## MEMORANDUM OPINION AND
## ORDER  DENYING LETTER MOTION

Final judgment in this criminal case was entered against Defendant Fermin E. Jimenez on October 31, 2003, after he was sentenced to a term of 48 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release. (D.E. 24, 25). He did not appeal. According to the Bureau of Prison,[1] Defendant was released from custody on October 5, 2006, and is currently serving his five-year supervised release term. On November 6, 2006, the Clerk received from him a multi-part document, which has been filed as a letter motion. (D.E. 27).

Although his motion is often rambling and non-sensical, it appears that Defendant is arguing that the Court should order him released from the terms of his supervised release. He appears to be making two primary claims. First, he argues that he was charged and

---

[1] This information was obtained from the BOP's website, www.bop.gov, which has an inmate locator function.

convicted as "FERMIN JIMENEZ" but that, because his name was listed in all capital letters, "'FERMIN JIMENEZ' is a corporate fiction, and not the name of the private man in his private capacity." (D.E. 27, "Affidavit of Truth" at page 1). Thus, because he was charged, convicted, and sentenced as a corporate entity, rather than as a private citizen, he should be released from the obligations set forth in the judgment. (Id. at 1-2).

Second, he submits a second affidavit in which he affirmatively denies that various entities, things, and people exist, including the United States, the states of New Jersey and Texas, this Court, the judgment in his criminal case, several United States Probation Officers, and himself. (D.E. 27, "Affidavit Denying Corporations Existence," at 1). He also denies the existence of "supervised release," "standard conditions of supervision," "additional mandatory conditions," "mandatory drug testing," "special conditions of supervision," and various other headings in his criminal judgment, as well as the existence of certain dates, i.e., October 31, 2003, October 10, 2006 and October 28, 2006. (Id.). Based on other portions of his motion, Defendant appears to be claiming that the because these entities, dates, and portions of his judgment do not exist, his supervised release term is void and invalid.

His motion also includes a number of documents that Defendant alleges he has mailed to Steven Alfrey. Based on the entirety of the motion, the Court presumes Mr.

Alfrey is Defendant's supervising United States Probation Officer in New Jersey.[2] These documents refer repeatedly to various legal principles and principles of contract law, but do not appear to ask for any relief from this Court. Instead, they inform Mr. Alfrey that he is in "default" and that he has three days to "cure" by serving a response. (D.E. 27 at pages 11-14). They also contain a document titled "Notice and Demand" that appears to be an order requesting that Mr. Alfrey "cease and desist collection activities" pursuant to the Fair Debt Collection Practices Act. Again, the notice gives Mr. Alfrey three days to comply with the demand.

To the extent that Defendant is asking for any relief from this Court, it is DENIED. Aside from his denials of the existence of the Court and denials of the judgment, he has not provided a single coherent or logical argument as to why the terms of his supervised release should be modified or why he should be released from his supervised release term. The Court has the authority to modify or to terminate early the conditions of supervised release, but only in limited circumstances. Pursuant to 18 U.S.C. § 3583(e),

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B) (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7), –
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of

---

[2] Defendant also included a photocopy of a business card from Mr. Alfrey, which indicates that he is a U.S. Probation Officer in New Jersey. (See D.E. 27 at page 9).

>    probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.
>
>    . . .

18 U.S.C. § 3583(e).

As an initial matter, the Court may not terminate Defendant's supervised release term in this case because one year of supervised release has not yet expired. See 18 U.S.C. § 3583(e)(1). As noted above, Defendant was released from BOP custody on October 6, 2006. Moreover, nothing in Defendant's motion shows the Court that his conduct or the interest of justice would warrant a reduction in his supervised release term. Indeed, the rationale given by Defendant is unsupported by any legal authority and defies common sense. He may not simply "deny" the existence of his supervised release term, the Court that imposed it, or his own existence, and thereby avoid serving his term of supervised release.

For the foregoing reasons, Defendant's letter motion is construed as a motion seeking the termination of his supervised release term and it is DENIED.

ORDERED this 22nd day of November, 2006.

_____
HAYDEN HEAD
CHIEF JUDGE